Butler, J.
In concurring in the result of the judgment of the court, I do so on the ground that the decree of the Court of Equity was not allowed to prevent the defendant from availing himself of all the defence that he could have made, so far as it regards the amount; that Is, *464 the decree was set aside pro tanto for the purpose of letting him in to his defence. It was not set aside Entirely, for there was no occasion for it. If it had been entirely fraudulent, it could not be set aside as a decree between the original parties to it, but might be disregarded so far as the surety was concerned, when his rights were brought under adjudication.
Richardson, J.
In this case, I am of opinion that the defendant was at liberty to prove that the decree in equity was obtained by fraud, and therefore inoperative as to him.